[Filed January 4, 1892.]

## BENICIA AGRICULTURAL WORKS *v.* CREIGHTON & QUIVEY.

PLEADING—ALLEGATIONS NOT DENIED—JUDGMENT NON OBSTANTE VEREDICTO.— Where allegations in an answer which constitute a complete defense to plaintiff's cause of action are not denied by the reply, judgment will be rendered for the defendant notwithstanding a verdict for the plaintiff.

ON REHEARING.

NEW MATTER—PAYMENT.—A plea of payment in an answer is new matter, which, not being denied by the reply, stands admitted. A plaintiff cannot anticipate this defense by an allegation in the complaint that no payments have been made on the claim sued upon.

Benton county: M. L. PIPES, Judge.

Defendants appeal.  Reversed.

The substance of the amended complaint is as follows: "That between the twenty-fifth day of June, 1887, and the thirtieth day of September, 1889, the plaintiff sold and delivered to the defendants at their request, certain goods, wares and merchandise, on account of which the following are the debit items of said account, to-wit:

1887.

| | | | |
|---|---|---|---|
| June 25. | 2 Benicia mowers @ $57.50 __ | | $115 00 |
| Sept. 14. | 1 No. 101 wagon___ __ _____ | | 100 00 |
| | Crating___ _____ | | 3 00 |
| 1888. | | | |
| Feb. 20. | 2 Benicia mowers @ $55.00__ | | 110 00 |
| Mar. 31. | 2 No. 101 wagons @ $100.00__ | | 200 00 |
| July 14. | Crating_____ _____ _ _____ | | 6 00 |
| July 14. | 2 No. 101 wagons @ $100.00__ | | 200 00 |
| | Crating____ _____ _____.___ | | 6 00 |
| Oct.   6. | 6 A 30 S. B. plows, $16.00, 40% | | 57 60 |
| Oct.  15. | 6 A 30 Single W. B. plows $16.00, 40%_____ ____ | | 57 60 |
| Nov. 19. | 3 No. 32 W. B. plows @ $17.00_ | $51 00 | |
| Nov. 19. | 2 No. 30 W. B. plows @ $15.00_ | 30 00 | |
| Nov. 19. | 1 No. 26 W. B. plow____ ____ | 9 50 | |

$90 50, 40 % 54 30

| | | | |
|---|---|---|---|
| Nov. 19. | 4 Double-trees, Woods @ 30c. | 1 20 | |
| | 10 Single-trees @ 50c. _____ | 5 00 | |
| | 1 No. 32 S. B. plow $19.00 | | |
| | (40%)_____ _____ _____ | 11 40 | |
| | | $17 60 | |
| | 10% deduction for chafing, | | |
| | $71.94_____ | 7 19 | 10 41 |
| | Total_____ ____ _____ | | $919 91 |

That the prices agreed to be paid for said goods, wares, and merchandise amount in the aggregate to the sum of nine hundred and nineteen dollars and ninety-one cents; that the same has not been paid nor any part thereof except the sum of five hundred and twenty-two dollars and seventy cents, of which the following are the credit items": Then follows an itemized statement of credits to the aggregate amount stated.

The answer denies all the allegations of the amended complaint, "except as hereinafter mentioned." Denies that the goods, wares or merchandise were of any greater value than five hundred and twenty-two dollars and seventy cents, or that the price agreed to be paid for said goods, wares, or merchandise, or any part thereof, amounts in the aggregate to the sum of nine hundred and nineteen dollars and ninety-one cents, or any other or greater sum than five hundred and twenty-two dollars and seventy cents; or that the balance of three hundred and ninety-seven dollars and twenty-one cents, or any other sum, is now due, owing, payable, or unpaid, or that the credits given in the complaint are the only items of credit to which the defendants are entitled.

For a further and separate defense, the defendants allege, that between the first day of January, 1887, and the thirtieth day of September, 1889, these defendants paid to plaintiff the sum of eight hundred and nine dollars and ninety-one cents in full payment of all goods, wares, and merchandise

sold and delivered by the plaintiff at any time; that the said sum of eight hundred and nine dollars and ninety-one. cents, so paid by the defendants to the plaintiff, paid the whole sum due or owing from defendants to plaintiff for and on account of any goods, wares, and merchandise sold or delivered to the defendants by plaintiff, during or at any time, and that no sum whatever is due or owing from the defendants or either of them to plaintiff.

For another separate defense, the defendants allege that on or about the twenty-fifth day of June, 1887, said defendants received of and from the plaintiff four Benicia mowers of the reasonable worth and value of one hundred and seventy dollars, under the express agreement and understanding that the defendants would make reasonable efforts to sell the same; and in the event they sold the same, and upon no other terms or conditions, they would pay the plaintiff therefor the sum of one hundred and fifteen dollars for two of said mowers, and one hundred and ten dollars for two of said mowers, out of the money received for said mowers, and in no other way; that said mowers are a portion of the goods, wares, and merchandise mentioned and described in the complaint; that the defendants have made reasonable and persistent efforts to sell said mowers, but have been unable to sell only two of said mowers, for which they received one hundred and ten dollars, which last mentioned sum they have paid to the plaintiff; that on or about the —— day of ———, 1889, at Corvallis, Oregon, they tendered back the said two mowers, and that plaintiff has failed and neglected to receive the same or either of them, and that the defendants now keep said mowers subject to the orders of the plaintiff; that one of said mowers was and is worthless, and of no value whatever; that on the twenty-sixth day of September, 1889, these defendants and said plaintiff came to a full settlement and accounting of all matters relating to the sale of said goods, wares, and merchandise by plaintiff to defendants, and upon said settlement there was found to be due and

XXI Or.—32.

owing said plaintiff from these defendants the sum of fifty-five dollars, which last-mentioned sum these defendants paid the plaintiff at said last-mentioned time. Another separate defense alleged a counter-claim of three dollars and thirty-five cents.

The reply in substance is as follows: Denies that between the first day of January, 1887, and the thirtieth day of September, 1889, or between any other dates or times, or at all, the defendants or either of them paid to said plaintiff the sum of eight hundred and nine dollars and ninety-one cents, or that the defendants or either of them has ever paid in full to plaintiff for or on account of goods, wares, or merchandise sold or delivered to defendants as alleged in complaint; denies that said alleged reasonable worth or value of said four Benicia mowers is one hundred and seventy dollars, but alleges that the value is two hundred and twenty-five dollars; denies that said mowers were sold to the defendants upon any express agreement or understanding, or any agreement or understanding at all, that defendants were to use reasonable or any efforts to sell the same, or in the event they sold the same they would pay plaintiff the sum of one hundred and fifteen dollars for two of said mowers and one hundred and ten dollars for two of said mowers, or upon any other conditions except those set out in the complaint as per contract; denies that one or any of said mowers is or was worthless or no account or damaged in any manner. The reply also denies the counter-claim set out in the answer, but it contains no other denials.

A trial before a jury resulted in a verdict for the plaintiff for the sum of eighty-three dollars and eighty-six cents. Thereafter the plaintiff moved for judgment on the verdict, and the defendants moved for judgment for their costs and disbursements notwithstanding the verdict. The plaintiff also moved that the verdict be set aside and for a new trial. The court thereupon ordered that the motion for judgment, notwithstanding the verdict, be overruled. In disposing of

the motion for a new trial, it was ordered that the tender of the mower must be made good or motion for a new trial would be granted.   These orders were entered of record on the twenty-first day of November, 1890.   On the twenty-second day of November, 1890, plaintiff's motion for judgment on the verdict came on to be heard, and was allowed, and judgment entered in favor of the plaintiff for the amount found by the jury.

From this judgment the appeal is taken.

*L. Flinn,* for Appellants.

*S. T. Jeffreys,* and *John Kelsay,* for Respondent.

Strahan, C. J.—The notice of appeal contains numerous assignments of error upon which the appellants intended to rely upon this appeal, but the condition of this record renders a particular examination of them unnecessary.

The plea of a full settlement and payment of the amount found due the plaintiff upon such settlement is not denied by the reply, and must therefore, for the purposes of this action, be taken as true.  (*Adams* v. *Tuley,* Ind. 27 N. E. Rep. 991; *Babcock* v. *Farmers' and Drovers' Bank,* 46 Kan. 548.) Section 72, Hill's Code, defines what the answer of the defendant shall contain.  Subdivision 1 of the section requires a specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.  The second subdivision of the section requires the answer to contain a statement of any new matter constituting a defense or counter-claim, in ordinary and concise language without repetition.  Section 73 authorizes the defendant to set forth by answer as many defenses and counter-claims as he may have.   Section 76 provides that when the answer contains new matter constituting a defense or counter-claim, the plaintiff may reply to such new matter, denying specifically each allegation controverted by him, or any knowledge or information thereof sufficient to form a belief; and he may allege in ordinary and concise language, without repetition,

any new matter not inconsistent with the complaint, constituting a defense to such new matter in the answer. Section 78 provides, if the answer contain a statement of new matter, constituting a defense or counter-claim, and the plaintiff fail to reply or demur thereto, within the time prescribed by law, the defendant may move the court for such judgment as he is entitled to on the pleadings, and if the case require it, he may have a jury called to assess the damages; and section 266 of the code authorizes a motion for judgment, notwithstanding the verdict, when the court has not jurisdiction of the subject of the action or the person of the defendant, or that the facts stated in the pleadings of the plaintiff or defendant, as the case may be, do not constitute a cause of action or defense thereto, and that such objection has not been taken by demurrer or answer. Taking this entire record together, it does not appear that any cause of action existed in favor of the plaintiff and against the defendants at the time of the trial.

It is alleged in the answer, and not denied by the reply, that on the twenty-sixth day of September, 1889, the parties came to a full settlement and accounting of all matters relating to the sale of said goods, wares, and merchandise by the plaintiff to the defendants; and that upon said settlement there was found due and owing from the defendants to the plaintiff the sum of fifty-five dollars. This settlement merged the plaintiff's cause of action into the new contract thereby made, which was the sole measure and extent of the defendants' liability to the plaintiff on account of the goods, wares, and merchandise mentioned in the complaint; and when the amount found due upon such settlement was paid, all liability of the defendants to the plaintiff on account of said matters was fully discharged and ended. At any time after the reply was filed, and these material matters left undenied, the defendants were entitled, on motion, to a judgment in their favor for their costs and disbursements. It is not perceived that their right thereto

was in any manner affected by a failure to make the motion until after the verdict.

This result requires a reversal of the judgment with directions to overrule the plaintiff's motion for judgment on the verdict and to sustain the defendants' motion for judgment nothstanding the verdict.

[Filed March 7, 1892.]

On Rehearing.

Per Curiam.—After the time for presenting a petition for rehearing had expired, respondent's counsel filed a motion and affidavit, calling the attention of the court to the fact that among the journal entries in the record is one to the effect that all that part of the amended answer in relation to a settlement is stricken out; but there is no motion on file asking the court to make such order, nor is that part of the answer marked in any way so as to show that the same was stricken out or intended to be. There is a motion on file to strike the whole answer from the files, and that is the only motion directed against the answer.

It may be well doubted whether the court has the power to order matter to be stricken from a pleading after it has been filed, without a motion specifying the same, where the same is respectful in its language; but we do not find it necessary to enter upon that question. The plea of payment is contained in two parts of the answer,—a case of redundancy,—but neither is denied. There is no attempt to deny the one pleaded in connection with the fact of settlement, and the attempted denial of the other is in such form as to amount to an admission of the truth of the plea under the rules of pleading prevailing in this state. The authorities cited from California and elsewhere on this subject are inapplicable here, or at least the principle they announce has never been adopted in this state. A plea of payment in the answer is new matter, and must be denied or it stands admitted. The plaintiff cannot, by alleging in his complaint that no payments have been made, antici-

pate this defense, and thus relieve himself from the necessity of replying to it, when it appears in the answer. Though this application is out of time and irregular, we have thought proper to say this much to show that the result would have been the same had it been regularly filed.

We find no cause to change the judgment already rendered.