JOHN M. WAY *vs.* GEORGE H. TOWLE.

Suffolk.    November 16, 1891. — January 8, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Check — Days of Grace.*

An instrument drawn upon a printed form of bank check, and similar to an ordinary check in all respects save that it is payable on a day subsequent to its date, is to be treated as a check, and not as a bill of exchange, and is not entitled to grace.

CONTRACT, against the defendant as indorser of the following instrument, the printed words being in Roman, and the written words and figures in Italic letters.

*"$200.*                                        Boston, *Aug. 31,* 1889.
                    The National Revere Bank
                            of Boston.
        Pay to the order of *Geo. H. Towle, Oct. 1, 1889,*
                ................*Two Hundred*................Dollars.
        No. *9288.*                                Samuel W. Creech, Jr.*"

(margin) 100 Franklin St.

This instrument bore upon the back the following indorsement: " George H. Towle."   Writ dated October 3, 1889.

At the trial in the Superior Court, without a jury, before *Bishop,* J., it appeared in evidence that the above instrument was made out upon the ordinary printed form of bank check of the National Revere Bank, and was signed by Samuel W. Creech, Jr., and indorsed by the defendant to the plaintiff before maturity; that Creech did not pay the same on October 1, 1889, and on that day it was duly presented at the bank for payment, and payment was refused, and on the same day it was duly protested and notice of non-payment given to the defendant; and that no other notice was given to the defendant.

The defendant requested the court to rule that the instrument declared on was not a check, but was a bill of exchange; that it was entitled to days of grace; that payment of the same should have been demanded on October 4, 1889, and notice of non-payment on that day should have been given to the defendant; and that upon all the evidence, the plaintiff, as matter of

law, could not recover. The judge declined to rule as requested, but ruled that the instrument or exhibit declared on was a check drawn upon a bank; that it was not entitled to days of grace; and that upon all the evidence the plaintiff was entitled to recover.

The judge found for the plaintiff; and the defendant alleged exceptions.

*W. B. Gale*, for the defendant.

*J. M. Way, pro se.*

MORTON, J. The question in this case is whether the instrument declared on is a check or a bill of exchange. If the former, it had no days of grace; if the latter, it had, and demand was prematurely made, and the indorser is not liable. The question whether a check made payable on a day subsequent to its date should be regarded as a check or as a bill has been decided differently in different jurisdictions. *In re Brown*, 2 Story, 502. *Champion* v. *Gordon*, 70 Penn. St. 474. *Westminster Bank* v. *Wheaton*, 4 R. I. 30. *Ivory* v. *Bank of Missouri*, 36 Misso. 475. *Henderson* v. *Pope*, 39 Ga. 361. *Morrison* v. *Bailey*, 5 Ohio St. 13. *Minturn* v. *Fisher*, 4 Cal. 35, 36. *Bowen* v. *Newell*, 3 Kernan, 290. In the present case the instrument appears to be upon one of the ordinary printed blanks of the bank on which it is drawn. It is dated August 31, 1889, and the only difference that is suggested between it and an ordinary check is that it is made payable October 1, 1889. If it had been post-dated as of that date, it would not have been payable till then, and yet would in that case have been a check. It has all the other characteristics of a check, and we cannot believe that it was intended by the parties, or would have been taken by the bank on which it was drawn, as anything else than a check. It is often convenient to make a check payable at a future day, and we see no valid distinction between post-dating it and making it payable at a subsequent date. In the latter case, as in the former, it is expected that it will be presented on the day when payable, which, in the one instance, would be the day of its date, and in the other the day fixed for its payment, and that there will be funds to meet it, and that it will then be paid. And neither in the latter case any more than in the former would it be expected that the holder would present the check

to the bank on which it was drawn for acceptance before payable, and, on its refusal to accept it, protest it and bring suit forthwith against the drawer for the non-acceptance.

We think it better accords with the intent and understanding of the parties, and of bankers and business men generally, to treat the instrument in suit as a check rather than as a bill of exchange, and we see no valid objection to doing so.

*Exceptions overruled.*