SALAZAR, RESPONDENT, *v.* SMART ET AL., APPELLANTS.

[Argued June 29, 1892.   Decided July 29, 1892.]

WATER RIGHTS—*Appropriation and use without record.*—Where an appropriation of the waters of a stream for irrigating purposes was actually made by the plaintiff in the year 1880, and the water used continuously ever since, but no record of the appropriation, as required by section 1258, fifth division of the Compiled Statutes (Act of March 12, 1885), was made until 1891, such water right is superior to one acquired and recorded by the defendant in 1889, as under the proviso of said section 1258, "a failure to comply with the requirements of this section may in no wise work a forfeiture of such heretofore acquired rights, nor prevent any such claimant from establishing such rights in the courts."

SAME—*Pleading.*—In an action to quiet title to a water right, the purpose for which plaintiff appropriated the water, the character and extent of the use, and the amount necessary are sufficiently stated where the complaint alleges in substance that plaintiff is the owner and in the actual possession of certain lands, all of which require water for the purpose of growing agricultural crops; that prior to the acts of the defendants complained of, plaintiff diverted and

appropriated two hundred inches of the water to and upon his lands, "and used and employed the same upon the said lands for agricultural purposes ever since, from year to year, uninterruptedly, down to and until the time of the wrongs and grievances hereinafter complained of;" that on a certain date defendants trespassed on plaintiff's rights and have taken said waters, "all of which he then needed, and required for agricultural uses upon said lands." (*Fabian* v. *Collins*, 2 Mont. 510, cited.)

*Appeal from Sixth Judicial District, County of Meagher.*

Action to quiet title to water right, and for an injunction. Defendant's motion to dissolve injunction was denied by HENRY, J. Affirmed.

*Waterman & Callaway*, for Appellant.

As water must be appropriated for a beneficial purpose, so it must be used in the furtherance of that purpose. It cannot be ascertained from plaintiff's complaint what was the nature, character, or the extent of the use alleged by him. Nor does the complaint state how much, if any, of the said water was necessary for use upon the land described in the complaint. "The mere allegation that irreparable injury would result to the complainant unless protection is extended to him, is not sufficient; the facts must be stated, that the court may see that the apprehensions of irreparable injury are well founded. (*Waldron* v. *Marsh*, 5 Cal. 119; *Mechanic's Foundry* v. *Ryall*, 75 Cal. 601; *Thorn* v. *Sweeney*, 12 Nev. 251; *Orisman* v. *Heiderer*, 5 Colo. 589.) A perusal of the complaint fails to disclose any facts of this nature." (*McCormick* v. *Riddle*, 10 Mont. 467.) The court will not grant relief by injunction in case of simple trespass and when it appears that plaintiff can have adequate remedy and compensation in damages for the injury sustained. (*Frink* v. *Stewart*, 94 N. C. 484; 10 Am. & Eng. Encycl. of Law, 878; *Heaney* v. *Butte & Mont. C. Co.* 10 Mont. 593.) In the case at the bar, the injury attempted to be set up is not irreparable, and the defendants are solvent and can respond in damages for any and all damages sustained by plaintiff through their fault. And, as a matter of law, when the equities of the complaint are denied by the answer, the preliminary injunction should be dissolved. (*Crandall* v. *Woods*, 6 Cal. 449; *Gardner* v. *Perkins*, 9 Cal. 553; *Burnett* v. *Whitesides*, 13 Cal. 157;

*Gagliardo* v. *Crippen*, 22 Cal. 362; *Real del Monte etc. M. Co.* v. *Pond etc. M. Co.* 23 Cal. 82; *Hyde* v. *French*, New Jersey, Oct. 15, 1889, 18 Atl. Rep. 356; *McCartney* v. *Cassidy*, 141 Pa. St. 453; *Fuller* v. *Cason*, 26 Fla. 476.)

*Thompson & Maddox*, for Respondent.

Whatever may be the rule elsewhere, in Montana, a temporary injunction is proper in every case in which an injunction is a part of the relief prayed for. (Code Civ. Proc. § 173, p. 101.) Injunction has been uniformly held to be a proper remedy for the protection of the rights of a prior appropriator of water against one unlawfully depriving him of it. (*Fabian* v. *Collins*, 2 Mont. 510; 3 Mont. 215.) An order dissolving or refusing to dissolve an injunction will be affirmed on appeal unless an abuse of judicial discretion is clearly shown. (*Blue Bird M. Co.* v. *Murray*, 9 Mont. 475; *Klein* v. *Davis*, 11 Mont. 155.)

HARWOOD, J.—This appeal is from an order refusing to dissolve an injunction. By this action plaintiff seeks to obtain a decree confirming the prior right and title in him to the use and benefit of two hundred inches of the water of Bannack Springs Creek, for purposes of irrigating certain lands described in his complaint, as against the claims of defendants; and, by injunction, to prevent defendants, and all others acting for or under them, from further taking, interfering with, or diverting from plaintiff the said water; for two hundred dollars damages for past diversion thereof from plaintiff, and for costs of this suit.

Plaintiff's complaint contains the usual allegation of citizenship; his ownership and occupation of certain described agricultural lands, upon which he avers he raises crops of hay, grain, and vegetables, and that water for irrigation purposes is necessary thereto; the appropriation of said quantity of the waters of said creek for the purpose of irrigating said land; the date of such appropriation, which plaintiff alleged to be in the year 1880; the continuous use of said water for such purposes from year to year since said appropriation; the interference of defendants with said alleged water right by taking, diverting, and using the water of said creek, which plaintiff

alleges he is entitled to by virtue of his prior appropriation; the amount of damages plaintiff alleges he has sustained by reason of said diversion theretofore by defendants; that defendants threaten to continue the taking and diversion of said water, and to permanently appropriate and use the same "and wholly deprive the plaintiff of the use and benefit thereof, and thereby render valueless, for agricultural purposes, the said lands of plaintiff, and thereby cause irreparable injury to the rights of the plaintiff therein; and that plaintiff has no plain, speedy, and adequate remedy at law" — following these allegations by prayer for appropriate relief, and therewith injunction against future interference with said alleged water right.

At the commencement of the action, on reading the verified complaint, the judge of the court wherein the same was pending, after requiring the execution of the usual bond in favor of defendants, granted a temporary injunction restraining defendants from further commission of the acts sought to be prevented, as above mentioned, until the further order of said court or the judge thereof in the premises.

Defendants filed answers to said complaint, in which defendant, Oscar G. Smart, denied having ever appropriated any of said water; or having ever claimed any water of said creek; or having in any manner diverted, or attempted to divert, the same; and asked to be dismissed, with his costs. Defendant, Alice L. Smart, by answer denied each and every allegation of said complaint; and averred prior right to said waters by reason of alleged prior appropriation thereof, for use in the irrigation of lands possessed by her, and described in her said answer, for agricultural purposes.

Thereafter defendants, having given notice of intention so to do, moved the court, upon the pleadings in said action, and upon affidavits, to dissolve the said injunction. The affidavits presented by defendants in support of said motion assert the acts done by defendant, Alice L. Smart, in reference to the appropriation and taking of the waters of said creek; that she commenced the construction of a ditch, in the fall of 1888, to divert said water upon her desert land claim, and completed the same, and diverted said waters onto her said land in the spring of 1889; that at that time there was not, nor had there been

before, any other ditch taking water out of said creek; that on the 13th of March, 1889, she filed with the county clerk and recorder of Meagher County a notice of such appropriation of said water, as provided by statute; and also asserts that the only ditches ever made by plaintiff, through which he ever attempted to utilize the waters of said creek for the irrigation of his lands, were two recently plowed furrows, which some of the affiants assert had been plowed after the commencement of this action, and within a few days prior to the making of said affidavits, and long after the making of ditches by defendant, Alice L. Smart, for the appropriation and use of said water; that the greater part of plaintiff's homestead claim, if not all, lies on the opposite side of the Musselshell River from Bannack Springs Creek; that plaintiff never at any time irrigated any of his desert land claim from any ditch taken out of the said Bannack Springs Creek; that plaintiff in 1888 dug a ditch, taking out water from the Musselshell River, running in and upon his desert land claim, which ditch would carry at least three hundred inches of water; that said ditch crosses the Bannack Springs Creek near the mouth thereof, thereby letting water from said creek run into his said Musselshell River ditch, and that constituted the only means by which plaintiff's ditch taps said Bannack Springs Creek; that most of the water of said creek sinks and disappears before reaching plaintiff's land, during the greater part of the year.

Plaintiff resisted the motion to dissolve said temporary injunction, by filing affidavits of several persons on his behalf, wherein it was asserted that for a long period prior to this controversy the waters of said creek have not sunk at any point, at any time of the year, and said creek had "never been dry above the ranch of plaintiff," but maintains its usual volume at that place at all seasons of the year; that, as early as 1881, plaintiff took water out of said creek by means of dams and ditches, and used the same for irrigation of his meadows, and had used the waters of said creek upon his lands for irrigation purposes every year since; that, up to the year 1888, plaintiff had no other water available for irrigation purposes, except the water of said creek; that plaintiff raised crops of hay and grain upon his ranch every year since 1881, and that said land will not produce crops with-

out irrigation ; that a portion of plaintiff's desert land claim can be irrigated from said creek, and cannot be reached from plaintiff's Musselshell River ditch; that from twenty-five to thirty-five acres of plaintiff's homestead lies on the north side of the Musselshell River, that being the same side of said river where Bannack Springs Creek is; that said desert land claim, and portion of said homestead, is level and smooth, and said creek flows through the same for a distance of about one mile, and said creek is so nearly on a level with the surface of said ground that the waters therefrom can be made, by means of a dam or dams, to overflow its banks and irrigate the said adjoining lands of plaintiff at any point except along the first fifty yards, or thereabouts, from the place where said creek enters plaintiff's ranch; that on the 15th of August, 1880, plaintiff appropriated two hundred inches of the waters of said creek, by building a dam across it and by digging a ditch just above said dam, conveying said water upon that part of plaintiff's homestead lying on the north side of the Musselshell River, and used said water for irrigation purposes, and has so used the same ever since; and the same year plaintiff took possession of the land constituting his desert land claim, and has occupied the same continuously ever since; that in said year 1880, plaintiff built other dams in said creek above the one first mentioned, and dug a number of lateral ditches, by means of all of which he diverted the water of said creek upon said lands, and has ever since used all of the water of said creek during the irrigating season of each year in the irrigation of said lands for argricultural purposes.

Having stated briefly the material facts involved in the case, we will discuss the questions raised by appellants.

1. They contend that the complaint does not state facts sufficient to warrant the granting of an injunction; and, to confirm this proposition, point to the fact disclosed by the pleadings and exhibits, that, while plaintiff avers that he appropriated said water in 1880, he filed no notice of appropriation, as provided by the laws of this State, until November, 1891. It is therefore insisted by appellants' counsel that plaintiff's appropriation took effect at the latter date only, and thus became subsequent to the appropriation of appellants, which, according to the averment of the answer, was made in October, 1888,

and recorded in March, 1889. This contention on the part of appellants' counsel appears to lose much of its force when considered in connection with the proviso of section 1258, fifth division of the Compiled Statutes, which reads as follows: "Persons who have heretofore acquired rights to the use of water shall, within six months after the publication of this act, file in the office of the recorder of the county in which the water right is situated, a declaration in writing, except notice be already given of record as required by this act, the same facts as required in the notice provided for record in section 1255 of this chapter. Such declaration shall be verified as required in section 1255 of this chapter, in cases of notice of appropriation of water; provided, that a failure to comply with the requirements of this section may in no wise work a forfeiture of such heretofore acquired rights, nor prevent any such claimant from establishing such rights in the courts."

We are unable to conceive that the legislature intended, by such proviso, otherwise than to declare that water rights acquired prior to said act, according to the laws theretofore in force, should in no wise be impaired or forfeited by failure to record the same. The legislative mind undoubtedly foresaw that some owners of such rights, acquired prior to said act, might, through inadvertence or absence from the country, fail to record such water rights as provided in said act; and also foresaw that, without such saving provision, complications and controversies, which might work great injustice, would be likely to arise by reason of the recording of water rights acquired prior to said act, wherein junior rights, so acquired, might be recorded before older rights on the same stream. Without some provision, this might have led to uncertainty and litigation, at least, which the legislature wisely avoided. Forfeitures are not favored in law, and, in the face of such clear expression of legislative intent, we would not be at all justified in holding that a water right alleged to have been actually acquired prior to the passage of said act by compliance with existing laws and customs, could only have effect from and after the date of recording the same, in case such recording was made after the time fixed in the act for recording prior acquired water rights. The act provided that prior acquired water rights shall not be forfeited, even by

failure altogether to record the same, but such right may be established in court. If recorded in compliance with the provisions of said act, the record of the facts required to be set forth in the verified statement become *prima facie* evidence of such facts. This was an inducement to place declarations of such rights on record. It appears to have been the aim of the legislature, as shown by the provisions of said act, (1) to require all water rights appropriated or claimed thereafter to be recorded as therein provided, and to have precedence according to the dates of actual appropriation, to be shown *prima facie* by the said verified and recorded declaration of the claimant; and (2), as far as possible, without resorting to the harshness of attempting to forfeit or impair prior rights, to induce the claimants of such rights to record the same, to the end that those important rights might become more certainly fixed and settled, and evidence thereof be preserved. That there was no intention, however, to impair prior acquired rights, is further evidenced by section 1245 of the same statute, which provides as follows: "This chapter shall not be so construed as to impair, or in any way or manner interfere with, the rights of parties to the use of the water of such streams or creeks acquired before its passage."

2. Appellants contend that, "as water must be appropriated for a beneficial purpose, so it must be used in the furtherance of that purpose; that it cannot be ascertained from plaintiff's complaint what was the nature or extent of the use alleged by him; nor does the complaint state how much, if any, of the said water was necessary for use upon the land described in the complaint."

Plaintiff alleges in his complaint "that he is the owner of, and in the actual occupancy, possession, and enjoyment of certain tracts of agricultural land situated in the county of Meagher, State of Montana, and which premises, and each and all thereof, require water for the purpose of raising and growing thereon, agricultural crops of hay, grain, and vegetables, said premises being known and described as [here follows description of lands]; that on the ———— day of ————, in the year 1880, plaintiff, being so in the occupancy, possession, and enjoyment" of said lands " diverted and appropriated, by means of a ditch, from the waters of Bannack Springs, which arise,"

etc. (describing said creek), "to and upon the land last aforesaid, two hundred inches of the waters thereof," measured, etc., "and used and employed the same upon the said lands for agricultural purposes ever since, from year to year, uninterruptedly, down to and until the time of the wrongs and grievances hereinafter complained of; and ever since the said entry of said desert land in the year 1886, from year to year, he has also used and employed said water uninterruptedly, down to and until the time of the wrongs and grievances hereinafter complained of, upon the lands so entered as desert lands, and also for agricultural purposes; that on or about the twenty-second day of April, 1892, the defendants, Oscar G. Smart and Alice L. Smart, trespassed upon the rights of the plaintiff, as hereinbefore alleged, and have taken the waters of said Bannack Springs Creek, to which this plaintiff is entitled as aforesaid, and all of which he then needed and required for agricultural uses upon said lands of plaintiff, and ever since at all times the defendants have totally deprived him thereof; . . . . that the defendants threaten to, and unless restrained by an order of this court will, permanently appropriate all the waters of said Bannack Springs to their own use, and will use the same, and wholly deprive the plaintiff of the use and benefit thereof, and thereby render valueless for agricultural purposes the said lands of the plaintiff, and thereby cause irreparable injury to the rights of plaintiff therein; and the plaintiff has no plain, speedy, and adequate remedy at law."

We think these passages of the complaint clearly and concisely allege the purpose for which the appropriation of water was made; also the character and extent of the use; and also how much of said water was necessary for use upon the land described in the complaint. "All of which he then needed and required for agricultural uses upon said lands of plaintiff," is the allegation.

The remedy of injunction is proper in such an action where sufficient showing is made. (Code Civ. Proc. § 173; *Fabian* v. *Collins*, 2 Mont. 510.) In the case at bar the temporary injunction was granted on the showing made by the verified complaint. There is no doubt that such a showing might be brought to bear upon the proceeding as would demand the dis-

solution of the temporary injunction by contradicting or destroying the force of the facts shown in the verified complaint by superior proof. But we do not find that such has been accomplished. Motion was made to dissolve the injunction, supported by the answer, and the affidavit of several persons on behalf of defendant. This proceeding is resisted, and the cause for preliminary injunction is supported, on the part of the plaintiff, by the affidavit of a number of persons. Both sides give a history of their own and of the other's doings, in reference to the alleged appropriation of said waters; and, considering these affidavits altogether, the plaintiff's showing appears to be strong enough to warrant the court in refusing to dissolve the temporary injunction. The order appealed from will therefore be affirmed.

*Affirmed.*

BLAKE, C. J., and DE WITT, J., concur.