[Argued January 31; decided March 13, 1894.]

# CLARK v. WICK.

[S. C. 36 Pac. 165.]

1. PARTNERSHIP — PLEADING.— Where an action on an implied contract for goods furnished by a firm is brought in the name of the partners, and it is alleged that they jointly furnished the goods, it is not necessary to allege the partnership.

2. PAYMENT — GENERAL DENIAL.— Under a general denial no proof of payment can be received. *Benicia Agricultural Works* v. *Creighton*, 21 Or. 495, referred to.

APPEAL from Linn: GEO. H. BURNETT, Judge.

This is an action by Clark Brothers against Philip Wick on an implied contract for board and feed furnished the defendant by plaintiffs, and on certain accounts for labor performed for defendant by one Cree and one Fitzwater, and by them sold and assigned to plaintiffs. In the title of the cause plaintiffs are designated as "James E. Clark and Charles Clark, partners doing business under the firm name and style of Clark Brothers," but there is no allegation in the body of the complaint of such partnership, or that the accounts sued on are partnership accounts. A demurrer to the complaint being overruled, defendant answered, denying specifically all the allega-

tions of the complaint, and upon the issue thus joined a trial was had, resulting in a judgment in favor of plaintiffs, from which defendant prosecutes this appeal.

AFFIRMED.

*Mr. Geo. E. Chamberlain ( Messrs. J. K. Weatherford* and *J. R. Wyatt* on the brief), for Appellant.

*Mr. N. M. Newport ( Mr. J. J. Whitney* on the brief), for Respondent.

Opinion by MR. JUSTICE BEAN.

1. The first assignment of error is in the admission of evidence tending to show that plaintiffs furnished board for the defendant and feed for his stock, as alleged in the complaint, and that they purchased the Cree and Fitzwater accounts as partners under the firm name of Clark Brothers. The objection to the admission of this testimony is based upon the fact that there is no allegation of partnership in the body of the complaint. Conceding that the words "partners doing business under the firm name and style of Clark Brothers" in the title of the cause are mere *descriptio personarum,* and not a sufficient allegation of partnership, we are still of the opinion that there was no fatal variance between the allegations and proof. The complaint alleges an implied promise in favor of plaintiffs, jointly, arising on account of board and feed furnished defendant, and of certain accounts against him, purchased and owned by them, and the answer simply puts these allegations in issue. It is therefore immaterial in this case whether such cause of action accrued to them as joint owners or as partners. In either case they were the joint promisees, and the only parties having an interest in the cause of action; and, had the plaintiff alleged a part-

nership, an issue upon that alone would be immaterial, and plaintiffs would have been entitled to judgment on the pleadings: *Millerd* v. *Thorn,* 56 N. Y. 402; *Walgamood* v. *Randolph,* 22 Neb. 493, 35 N. W. 217. An allegation of partnership is only necessary when the cause of action depends on its existence: Abbott's Trial Evidence, § 203; *Loper* v. *Welch,* 3 Duer. 644. If the action is brought on an obligation made payable to a partnership in its firm name, it is, of course, necessary to allege the partnership, that plaintiffs compose the firm, and that the contract was made by them in that name. Of this character are the cases cited by counsel for the defendant. But in this case the action is not founded on a contract made payable to or in the name of a firm, but on an implied promise in favor of plaintiffs jointly. It follows that, whatever the particular interests of the plaintiffs may be therein, as between themselves, the defendant could not have been misled or in any way injured by the introduction of the testimony objected. to. The gist of the complaint is that plaintiffs furnished defendant board. for himself, and feed for his stock, for which they have not been paid, and that they own the claims of Cree and Fitzwater for labor performed for defendant, and to these allegations the evidence was directed. The right to maintain the action does not depend upon a partnership between the plaintiffs, and proof that jointly they furnished to defendant the board and feed, and purchased the accounts against him, as alleged in the complaint, and that he thereby became indebted to them, is sufficient, and hence the question as to whether they were at the time copartners or simply joint owners is wholly immaterial: *Wood* v. *Fithian,* 24 N. J. L. 33. There was, therefore, no error under the pleadings in this case in the admission of the testimony.

2. The only other assignment of error noted by coun-

sel in his brief is, as stated by him, "whether or not defendant, under his answer, would be entitled to show that he had performed sufficient labor, under the terms of the contract introduced in evidence, to pay the claim sued upon." As the contract referred to appears to be in writing, and neither it nor the particular portion thereof material to the question presented is in the record, there seems to be nothing here for our consideration. But if the position of defendant is, as the brief indicates, that under a general denial he had a right to prove payment of the amount sued on, either in money or labor, the question has been answered in the negative by this court in *Benicia Agricultural Works* v. *Creighton*, 21 Or. 495, 28 Pac. 775, 30 Pac. 676. Finding no error in the record the judgment must be affirmed.    AFFIRMED.