Decided 12 June, 1899.

## FARMERS' NATIONAL BANK *v.* HUNTER.

[57 Pac. 424.]

1. PLEADING—ELECTION OF DEFENSES.—In an action to recover compensation due under a contract defendant may set up failure to perform the contract according to its terms, and also plead by way of recoupment or set-off, the damages arising from such failure under Hill's Ann. Laws, § 73, giving a defendant the right to set forth in his answer as many defenses as he may have. The court ought not to require an election of defenses under such circumstances: *Gove* v. *Island City Milling Co.*, 16 Or. 93, distinguished.

2. COMPETENCY OF EVIDENCE.—An instrument appointing a person the agent of a party to a contract with power to collect and receipt for all moneys due or to become due under the contract, and a writing signed by such party addressed to the other party notifying him to pay all moneys due or to become due under the contract to such agent are competent evidence on the issue whether the contract was assigned.

3. PAYMENTS AND COUNTERCLAIMS MUST BE PLEADED.—To be available as defenses payments and counterclaims must be pleaded. Thus, in an action for money earned under a contract, a defense that because of plaintiff's failure to perform it became necessary to employ help and pay therefor in order to prevent a loss, is not sufficient to admit evidence of a part payment of the contract price as a basis for counterclaiming it: *Clark* v. *Wick*, 25 Or. 446, followed.

From Union :    ROBERT EAKIN, Judge.

Action by the Farmer's & Trader's National Bank of La Grande, Oregon, against W. G. Hunter upon a contract entered into between the defendant and Yee Sing & Company, by the terms of which said defendant agreed to plow, put in a good state of cultivation, and seed to sugar beets, three hundred acres of his farm in Union County, and Yee Sing & Company agreed to take posession thereof as soon as the beets were up and ready for cultivation, and thereafter, under the direction of the Superintendent of the Oregon Sugar Company, to furnish

sufficient labor, at their own expense, to properly thin out, weed, and cultivate the same during the growing season, except plowing and working with cultivators, which was to be done by the defendant. In consideration of the labor and work to be performed by Yee Sing & Company, the defendant agreed to pay them the sum of $1.15 per ton for all beets grown on the land during the season of 1898 ; payments to be made as follows : Five dollars for each acre of beets, at the expiration of six weeks after Yee Sing & Company should enter on their contract, a further sum on the first day of September, 1898, and the remainder after the beets were delivered and weighed at the factory of the Oregon Sugar Company, at La Grande. The complaint, after setting out the contract in full, alleges that Yee Sing & Company entered upon its performance on the tenth day of May, 1898, and that, while they were in possession of the lands and performing their contract, and before the first payment became due, they sold, assigned, and transferred to the plaintiff, for a valuable consideration, the first installment of $5 an acre to be paid upon said contract, amounting to $1,500 ; that on June 23, 1898, the plaintiff notified the defendant of such assignment, and on the eighth day of July following, and after six weeks from the time Yee Sing & Company had entered upon the performance of the contract, demanded of the defendant the payment of said sum of $1,500. The answer admits the contract, but denies all the other material allegations of the complaint, and, for a first further and separate defense, alleges that Yee Sing & Company wholly failed and neglected to comply with their contract, in not taking possession of the land for more than fifteen days after the beets were up and ready for cultivation, and when they entered into possession failed to furnish sufficient labor to properly care for and cultivate

the beets, or to perform any of the labor mentioned in the contract, in a good and husbandly manner, or at the time or in the proper season for the most successful growing of beets, or as directed by the Superintendent of the Oregon Sugar Company, but, on the contrary, wholly abandoned the contract, by reason whereof the first payment of $5 per acre was not earned, and never became due or payable.

For a second defense it is averred that, in order to successfully grow beets, it is necessary that the young ones be thinned out and weeded not later than five days after they are up and ready for cultivation, and thereafter they require special care, work, and labor for a period of six or eight weeks, for which purpose it requires at least one laborer, possessing the necessary skill and industry, for each acre of beets; that on the seventeenth of May, 1898, the defendant had planted and growing, ready for cultivation, under the terms of the contract referred to in the complaint, three hundred acres of land, and on such date notified Yee Sing & Company of that fact, but they failed and neglected to take possession of such land until after the eighteenth day of May, and then employed thereon an insufficient number of laborers and employees to successfully care for and cultivate the same, and for a period of more than fifteen days after taking possession, although constantly urged and requested by the defendant and the Superintendent of the Oregon Sugar Company, they failed and neglected to furnish sufficient labor to properly care for the beets as stipulated in the contract, and on the —— day of June, 1898, wholly and absolutely abandoned their contract; that by reason of such failure to perform their contract the crop of beets was curtailed and lessened at least five tons per acre, to defendant's damage in the sum of $6,000. It is further alleged that by the failure of Yee Sing & Company to

perform the terms and conditions of their contract the
defendant was compelled to, and did, employ labor at
his own expense, which should have been performed by
them within the first six weeks after entering upon the
performance of the contract, for which he was compelled
to pay about $2,500.  Upon the coming in of the answer,
plaintiff moved the court for an order requiring de-
fendant to elect upon which of his several defenses he
would rely.  This motion being overruled, a reply was
filed denying the allegations of the answer, and setting
up new matter as a defense thereto.  Upon the issues
joined a trial was had before a jury, resulting in a ver-
dict and judgment in favor of the defendant, from which
the plaintiff appeals.                          REVERSED.

For appellant there was a brief over the names of
*J. D. Slater* and *W. B. Sargent*, with an oral argument
by *Mr. Slater*.

For respondent there was a brief and an oral argument
by *Messrs. Thomas H. Crawford* and *C. E. Cochran*.

MR. JUSTICE BEAN, after stating the facts, delivered
the opinion of the court.

The notice of appeal contains some forty-nine assign-
ments of error, but we have neither the time nor the
inclination to examine and decide each one separately,
nor would any useful purpose be served thereby.  Many
of them simply present different phases of the same
questions.

1.  The first ruling complained of is the refusal of the
trial court to require the defendant to elect upon which
of the several separate defenses he would rely at the
trial.  The contention is that the defendant is not en-
titled to set up the failure of Yee Sing & Company to

perform the contract according to its terms, and also to plead the damages arising from such failure by way of recoupment or set-off. In support of this contention, counsel relies upon the case of *Gove* v. *Island City Milling Co.*, 16 Or. 93 (19 Pac. 740). But that was an action to recover on a contract, and the defendant pleaded as a defense thereto the failure of the plaintiffs to comply with its terms, and also sought to use such failure as a ground for affirmative relief; and the court held that, in the form in which the action was brought, it had no right to plead the failure of the plaintiffs to comply with the contract, and thus overthrow their claim, and also be allowed to recover in the same action damages for a breach thereof. But in the case at bar the matters set up are for defensive purposes alone, and under the statute the defendant has the right to set forth in his answer as many defenses as he may have: Hill's Ann. Laws, § 73. We are therefore of the opinion that the motion was properly overruled.

2. It is next claimed that the court erred in permitting the defendant to introduce in evidence, during the cross-examination of the witness Scriber, two certain instruments of writing given to the plaintiff bank by Yee Sing & Company, by one of which the bank was appointed their agent, with power to collect and receipt for all moneys due or to become due under the contract with the defendant, and the other was addressed to the defendant, notifying him to pay all moneys due or to become due under such contract to the plaintiff bank. Both of these writings were competent evidence. The alleged assignment from Yee Sing & Company to the plaintiff was an issue in the case, and these two papers were material, as bearing upon that question.

3. It is next claimed that the court erred in allowing the jury to set off, as against the plaintiff's claim, sums

of money advanced by the defendant to Yee Sing & Company for the purchase of supplies and for the payment of laborers, without the same having been pleaded in the answer. The record shows that there was evidence given on the trial to the effect that about the time Yee Sing & Company entered upon the performance of their contract, and long before anything became due thereunder, the defendant gave them an order on a neighboring mill company for $200 worth of flour, of which they received about $96 worth, and that he thereafter advanced to them about $700 to pay their laborers. These facts were developed on cross-examination of the defendant, and plaintiff subsequently requested the court to charge the jury that under the pleadings the payment of the $96 for flour, and the money so advanced, could not be considered as a set-off in this case against any claim of the plaintiff. This instruction should have been given. It is a well-settled rule in this state that a defendant is not entitled to prove payment without alleging it (*Clark* v. *Wick*, 25 Or. 446, 36 Pac. 165; *Benicia Ag'l Works* v. *Creighton*, 21 Or. 495, 28 Pac. 775, 30 Pac. 676), nor can he prove a counterclaim or set-off, or any other affirmative defense, without first tendering an issue therein in his answer. Now, there is no allegation in the answer upon this question. It alleges that, by reason of the failure of Yee Sing & Company to comply with their contract, the defendant was compelled to employ labor and pay therefor the sum of about $2,500, in order to prevent his beet crop from being an entire loss and failure; but these allegations are not sufficient to admit evidence of payment on the contract, nor of a mere counterclaim to the plaintiff's demand.

It is next claimed that the court erred in permitting the defendant to give evidence tending to show a failure

35 OR.—13.

on the part of Yee Sing & Company to comply with their contract, and the consequent damages, for the reason that there is no allegation in the answer that the defendant complied with the terms of the contract on his part, by properly plowing, seeding, or cultivating the land sown to sugar beets. But we do not understand how that question can become material as a matter of pleading in this case. It is admitted that the beets were planted by the defendant, and that Yee Sing & Company entered into possession thereof, and undertook the performance of the contract on their part; and the question presented by the answer, and sought to be litigated, is whether or not they complied with the terms of such contract, and, if not, whether the defendant was damaged thereby. The condition of the land, and the performance by the defendant of the contract on his part, may have been material on the trial, as a matter of evidence in determining whether the loss, if any, was the result of the acts of the defendant or of Yee Sing & Company, but we do not understand that it is material as a matter of pleading.

There are some other questions presented by the record, but we think we have sufficiently indicated our views upon the principal points in the case. Judgment is reversed, and a new trial ordered.          REVERSED.