Argued March 11, decided March 18, rehearing denied June 3, 1913.

## TRIPHONOFF *v.* SWEENEY.

(130 Pac. 979.)

**Bills and Notes—Postdated Checks—Negotiability—"Negotiable Instrument."**

1. An instrument directing a bank to pay a specified amount to a specified person is a negotiable instrument, though postdated.

[As to whether a bank check operates as an assignment of the fund, see note in 19 Am. St. Rep. 609.]
[As to what is a negotiable instrument, see note in Ann. Cas. 1912D, 4.]

**Bills and Notes—Postdated Checks—Defenses.**

2. Under Section 5861, L. O. L., making absence or failure of consideration for a negotiable instrument a defense against any person not a holder in due course, and under Section 5885, defining a holder in due course, a postdated check negotiated before maturity is not subject to defenses available to the maker against the payee.

[As to *bona fide* holder's right to recover on negotiable bill, see note in 26 Am. Dec. 156.]

**Bills and Notes—Evidence—Conformity to Proof.**

3. Defendants in an action on a check, having pleaded want of consideration available against plaintiff, a transferee, could not change its position during the trial by asserting payment.

**Parties—Capacity to Sue—Objection—Sufficiency.**

4. A defense that an action is not prosecuted by the real party in interest must state facts showing that conclusion.

**Bills and Notes—Defects—Waiver.**

5. Under Section 68, L. O. L., making a complaint demurrable for a defect of parties, and under Section 72, providing that defects, except as to jurisdiction, in a complaint are waived by failure to object by demurrer or answer, the objection that one suing as holder of a check was not the real party in interest was waived by defendant's failure to plead the contrary.

**Sunday—Sunday Contract—Defenses—Necessity for Pleading.**

6. To be available, a defense that a note was negotiated on Sunday must be pleaded.

**Witnesses—Impeachment—"Conviction of Crime."**

7. A conviction under a municipal ordinance is not a conviction of a crime within Section 863, L. O. L., so as to give ground for his impeachment as a witness.

[As to conviction of violating municipal ordinance in aspect of conviction of crime disqualifying witness, see note in Ann. Cas. 1913A, 327.]

From Multnomah: JOHN P. KAVANAUGH, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by M. H. Triphonoff against J. W. Sweeney, S. M. Blumauer, and Isaac Blumauer, partners doing business under the firm name and style of the J. W. Sweeney Construction Company, and J. W. Sweeney, S. M. Blumauer and Isaac Blumauer, to recover money. The cause was tried before a jury, and a verdict found in favor of plaintiff. From a judgment rendered thereon, defendants appeal.

The action is based on the following instrument:

"No. 12413.          Portland, Ore., April 15th, 1911.

"The United States National Bank of Portland, Oregon:

"Pay to the order of Dan Malcheff, twenty-two hundred ninety-four and 78-100 ($2294.78) dollars.

"J. W. SWEENEY CONSTRUCTION CO.,
"By S. M. BLUMAUER."

The instrument was executed on or about the 25th day of March, 1911, and postdated on the 15th day of April, 1911. Thereafter, and before maturity, the same was indorsed and transferred to plaintiff, as he avers, in due course of business and for a valuable consideration, plaintiff having no knowledge whatsoever at the time that the check had been dishonored or that payment thereof had been stopped, or that any infirmity in the instrument, or defect in the title, existed. After the execution of the check, the J. W. Sweeney Construction Company stopped the payment. About the 17th day of April, 1911, plaintiff, as holder of the instrument or check, presented the same for payment to the United States National Bank, which subsequently returned it to plaintiff, with the following stamped across the face thereof: "Payment Stopped"—and refused to honor the same. Plaintiff then instituted this action.

The defendants answered, admitting the execution of the instrument, and denying its indorsement in due course or for value, and denying its presentment and dishonor. They further averred that the check was executed without any consideration; that Dan Malcheff, the payee, who had been engaged in work for the defendant J. W. Sweeney Construction Company, presented to defendant company a false and forged estimate of the work done by him, upon which estimate the check was issued; that the check was postdated; that the plaintiff knew of such fraudulent estimate of

work, and did not act in good faith in securing the check; that the transfer was without consideration.

Plaintiff's reply put in issue the new matter of the answer. Defendants assign as error the holding of the court that the check in controversy was a negotiable instrument.                    AFFIRMED.

For appellants there was a brief over the names of *Messrs. Bernstein & Cohen,* with an oral argument by *Mr. Alex Bernstein.*

For respondent there was a brief, with an oral argument by *Mr. G. G. Schmitt.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. Counsel for defendants contend that the fact that the check was postdated was sufficient to put the plaintiff upon inquiry as to any infirmity in the instrument, or defect in the title, and that the court erred in refusing to instruct the jury as requested by defendant's counsel, as follows: "That a postdated check is not a negotiable instrument if taken before the date on which demand can be made for payment, but is simply an assignment of the rights of the payee and opens the check to all the equity." Section 5834, L. O. L., being a part of the negotiable instruments law of this state, provides that a negotiable instrument must conform to the following requirements: (1) It must be in writing and signed by the maker or drawer; (2) must contain an unconditional promise or order to pay a sum certain in money; (3) must be payable on demand, or at a fixed or determinable future time; (4) must be payable to order or to bearer; and (5), where the instrument is addressed to a drawee, he must be named or otherwise indicated therein within reasonable certainty. However we may designate the instrument

in suit, we think there can be no question but that it complies with all the necessary requirements of the law as to a negotiable instrument. It is full and complete upon its face. It is worthy of note that Section 5834, L. O. L., does not require a negotiable instrument to be dated. Section 6018, L. O. L., defines a check as follows: "A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this act applicable to a bill of exchange payable on demand apply to a check." Section 5845, L. O. L., purports that the instrument is not invalid for the reason only that it is antedated or postdated, provided this is not done for an illegal or fraudulent purpose. The person to whom an instrument so dated is delivered acquires the title thereto as of the date of delivery. It is the position of counsel for defendants that this section renders an antedated or postdated instrument merely legal, and does not make it negotiable. We fail to see any reason why it was necessary for this enactment in order that the issuance of such an instrument should not be in violation of any statute or law. The purpose of the negotiable instruments law is to direct the proper method of dealing with such an instrument. This section has a broader signification, and renders a postdated or antedated check full, complete and valid.

Independent of any statutory regulation, it makes no difference whether a check be postdated or antedated, it is still payable according to its express terms. The drawing of a postdated check is an every-day occurrence in the commercial world, and the uniform understanding of the parties is that, when a check is postdated, it is payable on the day it purports to be drawn, even though it be negotiated beforehand: 2 Daniel, Neg. Inst. (5 ed.), § 1578; *Frazier* v. *Trow's P. & B. Co.,* 24 Hun (N. Y.), 281; *Champion* v. *Gordon,* 70 Pa.

474 (10 Am. Rep. 681). It is said in 5 Am. & Eng. Ency. of Law (2 ed.), 1032, that: "A postdated check, or one which bears a date subsequent to that of its actual issue, is payable on or at any time after the day of its date, being in effect the same as if it had not been issued until that date." The rule is laid down in Selover, Negotiable Instruments Law, Section 18, that an antedated or postdated instrument may, of course, be negotiated after or before the date given, and anyone to whom such an instrument is given acquires title thereto as of the date of delivery. The contention of the defendants is that the instrument was not a check, for the reason that it was not payable on demand, and that the same was not negotiable. We incline to the belief that the instrument was a check, payable on demand on or after April 15, 1911. This conclusion is in harmony with cases wherein it is held that a postdated instrument of this nature is a check, and not a bill of exchange, which would authorize the holder to present the same for acceptance prior to the time when it would be payable: *Way* v. *Towle,* 155 Mass. 374 (29 N. E. 506, 31 Am. St. Rep. 552).

2. The real question in the case at bar is: Was the instrument subject to any available defense as between maker and payee, after it was negotiated to plaintiff? In the consideration of these cases it should be borne in mind that the negotiable instruments law was adopted by several of the states for the purpose of uniformity, and we think that this should be one of the aims of courts. Section 5861, L. O. L., directs that absence or failure of consideration is matter of defense as against any person not a holder in due course. Section 5885 prescribes that a holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became the holder of it before

it was overdue, and without notice that it had been previously dishonored, if such were the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. Section 5889 provides that, to constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith. According to section 5890, a holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon.

In the case of *Matlock* v. *Scheuerman,* 51 Or. 49 (93 Pac. 823, 17 L. R. A. (N. S.) 747), the fact that at the time a check was transferred the payee stated that the drawer had asked him to wait two or three days for presentation of the check did not charge the indorsee with notice of any infirmity in the contract. The payment of the check was stopped before presentation at the bank for payment. No inquiry having been made as to the validity of the check, it was held that it was for the jury to determine whether or not the check was taken in good faith, the purchaser not being bound, as a matter of law, with facts calculated to arouse suspicion, nor charged with the duty of making active inquiry. The case of *Albert* v. *Hoffman,* 64 Misc. Rep. 87 (117 N. Y. Supp. 1043), decided since the enactment of the negotiable instruments law in that state, which is similar to ours, is very much like the case at bar. There the plaintiff declared on a postdated check made by the defendant Hoffman to the order of H. Feinberg

& Son. The latter indorsed the same to plaintiff for value, but the payment was stopped by the maker before presentation. The defendant separately defended on the grounds that the check was postdated, that no consideration passed therefor between the maker and the payee, and that the plaintiff came into possession thereof without having given any valuable consideration therefor, and with full knowledge on her part of the facts and circumstances attending the making and delivery of the check. On page 88 of 64 Misc. Rep. (on page 1044 of 117 N. Y. Supp.), Justice McLean said: ''Under section 31 of the negotiable instruments law [Laws 1897, c. 612] * * then in force, 'the instrument,' a negotiable instrument, as was the check in question, as defined by section 2 of the same law, 'is not invalid for the reason only that it is antedated or postdated, provided this is not done for an illegal or fraudulent purpose,' and the plaintiff, as indorsee, was not put upon inquiry merely because of the negotiation of the check prior to the day of its date.'' New York is a state of the largest commercial interests, and we deem it safe to follow the above rule, unless there is good reason for doing otherwise. We hold that the plaintiff, as indorsee of the check, was not as a matter of law put upon inquiry by reason of the check's being negotiated prior to the day of its date; therefore, the instruction requested was properly refused. The testimony tended to show, and the jury found, that the plaintiff took the check in good faith and for full value, and at that time as a matter of fact had no notice of any infirmity in the instrument. This feature of the case is therefore settled by the verdict of the jury.

3. It is claimed by the defendant company that the check in question was paid to plaintiff by the United States National Bank of Portland upon which it was drawn; that by reason thereof the check had run its

course; that the trial court erred in excluding the question of payment from the jury. The defendants in their answer pleaded and wholly relied upon the matters heretofore referred to as the basis of their defense, all of which was submitted to a determination by the jury. The defendants could not during the progress of the trial change their position from that of their pleadings, and show payment of the check without having pleaded the same: *Farmers' National Bank* v. *Hunter,* 35 Or. 193 (57 Pac. 424); *Clark* v. *Wick,* 25 Or. 446 (36 Pac. 165); *Benicia Agr. Works* v. *Creighton,* 21 Or. 495 (28 Pac. 775, 30 Pac. 676). The trial of a cause can proceed only on the issues raised by the pleadings: *Coos Bay R. R. Co.* v. *Siglin,* 26 Or. 387, 390 (38 Pac. 192).

4. It is not suggested in any way that the defendant J. W. Sweeney Construction Company paid the check. This claim is tantamount to the contention that the action is not prosecuted by the real party in interest. In making such a defense, where the same does not appear upon the face of the complaint, the defendant must state facts which constitute the defense and which show that the plaintiff is not the real party in interest: Pomeroy, Code Remedies (3 ed.), § 711; *Simon* v. *Trummer,* 57 Or. 153, 159 (110 Pac. 786). See, also, *Sturgis* v. *Baker,* 43 Or. 236, 241 (72 Pac. 744).

5. Section 68, L. O. L., provides that the defendant may demur to the complaint when it appears upon the face thereof that there is a defect of parties plaintiff or defendant. Section 72 is to the effect that if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action. It appears upon the face of the complaint that plaintiff is

the holder of the check, and that the defendant, not having pleaded to the contrary, thereby waived this question: *Hillman* v. *Young,* 64 Or. 73, (127 Pac. 793).

6. Defendants requested the court to instruct the jury as follows: "If you find that the indorsement of the check in controversy from Malcheff to Triphonoff, the plaintiff herein, was made on March 26, 1911, that the money passed at that date, and the check was then delivered and the transaction completed, you must find that the contract was made on Sunday, and is therefore void, and that the plaintiff cannot recover on this check, and your verdict must be for defendants." The defense set up in defendants' answer did not allege that the check in question was invalid by reason of having been executed on Sunday; therefore, this attempted defense and requested instruction stand upon the same footing as the one last mentioned, and the instruction was properly refused. The defendants must proceed upon the theory of their case as shown by their answer until the end of the trial: *Whitten* v. *Griswold,* 60 Or. 318 (118 Pac. 1018); *United States Nat. Bank* v. *First Trust & Savings Bank,* 60 Or. 266 (119 Pac. 343). The other instructions requested, except in so far as given by the court in its charge to the jury, involved the question as to the date of the check heretofore noted, and need not be further referred to. The questions of the indorsement of the check to plaintiff for a valuable consideration, of his taking the same in good faith, and of his having at the time no knowledge or notice of any infirmity in the instrument were fairly submitted to the jury by the trial court.

7. The defendants requested the trial court to open the case after it had been closed, and also filed a motion for a new trial supported by affidavits (which are not contained in the record), in order to allow the defendants to show that the plaintiff had been convicted

of a violation of an ordinance of the city of Portland. Defendants claim that the trial court abused its discretion in denying the same. It is well settled that to disqualify a witness, or to be used to affect his credibility, a conviction must be of an offense against the law of the land. A conviction under a municipal ordinance is not a conviction of such an offense within the meaning of Section 863, L. O. L.: *State* v. *Crawford,* 58 Or. 116 (113 Pac. 440, Ann. Cas. 1913A, 325, and note thereto). Inasmuch as the affidavits for a new trial are not contained in the bill of exceptions, we cannot say that the trial court abused its discretion in this respect.

Finding no error in the record, the judgment of the lower court is affirmed. AFFIRMED.