## BREWSTER *vs.* McCARDELL

A note *post-dated* and *negotiated* before the day of its date, is recoverable by the endorsee ; its transfer before the day of its date affords no cause of suspicion so as to put the endorsee on inquiry and subject him to the equities existing between the original parties.

THIS was an action of assumpsit, tried at the Albany circuit in February, 1830, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The plaintiff was the *endorsee* of a promissory note given by the defendant to I. Smith & Co. for $200, bearing date 1st May, 1829, and payable ninety days after date. The note was in fact made about the 1st October, 1828, and delivered to the payees, who transferred it to the plaintiff in February, 1829, for money actually loaned. The defendant offered to prove a *failure in the* consideration of the note, which evidence was objected to, unless it was shewn that the note was taken by the plaintiff with a knowledge of such failure, but the objection was overruled, and evidence received in support of the alleged failure. The judge charged the jury that the negotiation of the note, before the day when it bore date, was a strong circumstance of suspicion, sufficient to put the plaintiff upon inquiry, and that he therefore took it subject to any defence which might have been made had the suit been brought by the original payees ; he then submitted to the jury the ev-

idence given in support of the defence set up, and the jury found a verdict for the defendant, which the plaintiff moved to set aside.

*J. Edwards & B. F. Butler*, for plaintiff.

*M. T. Reynolds*, for defendant.

*By the Court*, SUTHERLAND, J. The judge erred in charging the jury that the circumstance of the note not having been negotiated to the plaintiff before the day when it bore date was a strong circumstance of suspicion sufficient to put him upon inquiry, and that he therefore took it subject to any de-fence which might be made as against the original payee.

The note was actually made and delivered to the payee in October, 1828, although it it bore date in May, 1829, and was payable 90 days after date. It was transferred to the plaintiff for a valuable consideration in February, 1829, *six months* before it became due. The *date* of a note is in no respect material, except for the purpose of determining when it was payable. There is no legal objection, either to ante-dating or post-dating a note, and I am not prepared to say that either is, in itself, and disconnected from other circumstances, a legal ground of sus-picion, so as to put the endorsee upon inquiry, and subject him to all the equities existing between the original parties. 7 Cowen, 337. Chitty on Bills, 77. The court of king's bench, in *Pasmore* v. *North*, 13 East, 516, held that a note which was *post-dated*, and which was transferred to the plaintiff before the day when it bore date, could not be questioned or impeached by the maker. That case is not distinguishable from this, and I think was rightly decided upon the well established principles applicable to negotiable paper.

A new trial must therefore be granted, the costs to abide the event.