# Cases

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## May, 1878.

---

## JOSEPH MAYER AND BENJAMIN MAYER, RESPONDENTS, *v.* ZACHARIAH 'MODE, APPELLANT.

*Post-dated check — loan of, by maker — transferee of, for existing debt — rights of.*

Defendant lent his post-dated check for $108 to one M, upon the agreement that the latter should furnish him with money to pay it before the day on which it was payable, otherwise defendant would notify his bank not to pay it. M transferred the check before it was payable to the plaintiff in payment of an existing indebtedness, plaintiff having no knowledge of the agreement.

In an action upon the check, *held,* that the agreement between defendant and M furnished no defense to the action, and that plaintiff was entitled to recover.

APPEAL from a portion of a judgment in favor of the plaintiff, entered upon the trial of this action at the Circuit.

This action was brought to recover upon two checks made by the defendant to the order of one Mieas Meyer. The defense set up was that the checks were accommodation checks, and that plaintiff was not a *bona fide* holder thereof for value.

*Morris S. Wise,* for the appellant.

*Horace Graves,* for the respondent.

BARNARD, P. J. :

There was proof given upon the trial tending to show that the plaintiffs were informed that the checks in question were accommodation checks loaned by defendant to M. Meyer, who transferred them to plaintiffs. At the close of the testimony it seems to have been assumed that there was no question of fact to go to the jury, and by agreement the case was submitted to the judge alone for decision. In the findings no reference is made to this fact of the knowledge of plaintiffs, as to the checks having been accommodation checks. The fact of such knowledge is not found and no request was made that the judge should pass upon it. I suppose, therefore, that the fact that evidence was given on the trial tending to show such knowledge cannot now be made available to defendant upon appeal. The case then presents one question of law. Defendant lent his check for $108 to one M. Meyer, post-dated. It was loaned to this M. Meyer upon the agreement that M. Meyer should place sufficient money in defendant's hands with which to pay it on the day before the check was payable, or in default thereof, defendant would notify the bank on which it was drawn not to pay the check. M. Meyer before the check was payable transferred the same to plaintiffs. Plaintiffs were butchers. They were in the habit of selling meat upon credit to M. Meyer. The credit seems to have been only from week to week. At the time of the transfer of the check M. Meyer was indebted to plaintiffs in the amount of the check or nearly so. The check was transferred in payment of this pre-existing debt, and a new bill of goods purchased in accordance with the usual mode of dealing between the parties. There was no diversion of the check by M. Meyer, he was not limited in the manner of its use. Upon this state of facts I suppose it to be clear that the plaintiffs are entitled to recover. The post-dated check was an inland bill of exchange made when delivered, and payable at its date. It was delivered in payment of an existing debt before it was due. Its transfer before the day of its date afforded no cause of suspicion so as to put plaintiffs upon enquiry, and subject them to the equities between defendant and M. Meyer. (_Brewster v. McCardel_, 8 Wend. 478.)

The consideration of the transfer was sufficient. Payment of

an existing debt by a check transferred by the payee before it was due, will sustain an action on the check as against the maker, even if it was borrowed by the payee of the maker. (*Schepp* v. *Carpenter*, 51 N. Y., 602.)

The judgment should therefore be affirmed. The plaintiffs were entitled to recover the second check set forth in the complaint, but the plaintiff has not appealed from the decision of the court in respect thereto.

Judgment affirmed with costs.

GILBERT, and DYKMAN, J. J., concurred.

Part of judgment appealed from, affirmed with costs.