ALBERT v. HOFFMAN et al.

(Supreme Court, Appellate Term. June 25, 1909.)

1. BILLS AND NOTES (§ 342*)—BONA FIDE HOLDER.

Under Negotiable Instruments Law (Laws 1897, p. 724, c. 612) § 31, providing that a negotiable instrument is not invalidated merely because it is postdated, an indorsee of a postdated check is not put on inquiry merely because of the negotiation of the check prior to its date.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §. 832; Dec. Dig. § 342.*]

2. BILLS AND NOTES (§ 359*)—HOLDER FOR VALUE—"VALUABLE CONSIDERA-
·   TION."

One receiving as indorsee a check in payment of a past loan is a hold-er for value, though valuable consideration, when applied to chattels, means something more than the discharge of a debt, that revives when the consideration for its discharge fails, and means the parting with some value that cannot be actually restored by operation of law, leaving the purchaser in a changed condition.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 924; ·Dec. Dig. § 359.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Mary Albert against William Hoffman and others. From a judgment for plaintiff, defendant William Hoffman appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

George H. Epstein, for appellant.
Harold M. Phillips, for respondent.

MacLEAN, J. The plaintiff, in her complaint, declares on a check made by defendant Hoffman, directing the East River National Bank to pay to the order of H. Feinberg & Son, on November 10, 1908, the sum of $364, and that the defendants H. Feinberg & Son duly indors-ed and delivered same to the plaintiff for value, but the payment was. stopped by the maker before presentation, and no part, although duly demanded, has been paid. The defendant Hoffman denies that he de-livered the same for value to the payee of the check, and also denies. that the plaintiff became a holder in due course and for value, defend-ing separately on the ground that the check was postdated, that no con-sideration passed therefor between the maker and the payee, and that plaintiff has come into possession thereof without having given any valuable consideration therefor, and with full knowledge on her part of the facts and circumstances attending the making and delivery of the check to the payee therein named.

Under section 31 of the negotiable instruments law (Laws 1897, p. 724, c. 612), then in force, "the instrument," a negotiable instrument, as was the check in question, as defined by section 2 of the same law, "is not invalid for the reason only that it is antedated or postdated, provided this is not done for an illegal or fraudulent purpose," and the plaintiff, as indorsee, was not put upon inquiry merely because of the negotiation of the check prior to the day of its date. Brewster v. McCardell, 8 Wend. 478. The plaintiff herein became a holder for value, having received the check in payment of a past loan. True it is in this state, as applied to chattels, valuable consideration "means something more than the discharge of a debt, that revives when the consideration for its discharge fails. It means the parting with some value that cannot be actually restored by operation of law, leaving the purchaser in a changed condition, so that he may lose something beside his bargain. Barnard v. Campbell, 58 N. Y. 73, 17 Am. Rep. 208; Stevens v. Brennan, 79 N. Y. 254, 258; Hyde v. Ellery, 18 Md. 496, 501; McGraw v. Henry, 83 Mich. 442, 47 N. W. 345; George v. Kimball, 24 Pick. (Mass.) 234, 240." Hurd v. Bickford, 85 Me. 217, 220, 27 Atl. 107, 35 Am. St. Rep. 353.

While true as regards chattels, negotiable paper is an exception (Saltus v. Everett, 20 Wend. 267, 277, 32 Am. Dec. 541); it having been held that the extinguishment of an antecedent debt in consideration of the transfer of negotiable paper constitutes the transferee a holder for value within the rule cutting off prior equities (Mayer v. Heidelbach, 123 N. Y. 332, 339, 25 N. E. 416, 9 L. R. A. 850). Such was the plaintiff herein, and so according to law has the trial justice determined by rendering judgment in her favor, and so determining he has found her to be a transferee in good faith, as also appears from the memorandum of his decision, annexed to the return, denying the motion of defendant Hoffman for a new trial, and from the evidence adduced this court may not otherwise conclude. The judgment will therefore be affirmed.

Judgment affirmed, with costs. All concur.