AARON KUFLIK and SAMUEL KUFLIK, Copartners Doing Business as A. & S. KUFLIK, Appellants, *v*. SANTO VACCARO and SAM VACCARO, Doing Business as MELROSE METAL COMPANY, Respondents.

(Supreme Court, Appellate Term, First Department, April, 1918.)

Negotiable instrument — what is a — bills, notes and checks — actions — evidence — appeal — judgments.

A post-dated check being payable either on its date or on demand is a negotiable instrument within the meaning of the Negotiable Instruments Law.

Where, in an action against the makers and indorsers of a post-dated check brought by holders acquiring title prior to the date of the instrument, the uncontradicted evidence establishes that plaintiffs were purchasers in good faith without knowledge of existing equities, a judgment in favor of the defendant makers will be reversed and judgment directed in favor of plaintiffs, with leave to appeal to the Appellate Division.

APPEAL by plaintiffs from a judgment of the Municipal Court of the City of New York, borough of Manhattan, second district, in favor of defendants.

Philip Goldfarb, for appellants.

Hanlon & Henschel (M. Montefiore Henschel, of counsel), for respondents.

GUY, J.   Plaintiffs appeal from a judgment in favor of the defendants Vaccaro in an action against makers and indorsers of a post-dated check brought by holders acquiring title prior to date of instrument.

The trial judge gave no reason for his decision; so that we do not know whether he decided the case upon the theory that the plaintiffs were mere assignees, or whether he regarded the instrument as negotiable and found that plaintiffs were not holders in due course.

I am of the opinion that the requirement of negotiability was satisfied because within the meaning of the statute (Neg. Inst. Law, § 23) the instrument when transferred was payable at a '' fixed or determinable future time specified therein,'' that is, on its date. If, however, the contrary view is taken, then no time of payment was '' expressed '' in the instrument, and, under the statute (§ 26), it was payable on demand.

The testimony introduced in behalf of the defendants tended to show, and the trial judge was authorized in finding, that the defendants made and delivered the check to M. Fine & Son upon the understanding that it should be held by the latter until performance of their agreement to deliver a quantity of scrap iron to the makers; that the payees refused to deliver the iron, and on or before the day fixed for performance transferred the instrument to the plaintiffs. Under the circumstances the transfer of the paper was in breach of faith and constituted a defect in the title thereto of M. Fine & Son, and thereby placed upon the plaintiffs the burden of proving that they acquired title as holders in due course. Neg. Inst. Law, §§ 94, 98; *Interboro Brewing Co.* v. *Doyle,* 165 App. Div. 646.

The uncontradicted evidence establishes that plaintiffs were purchasers in good faith, without knowledge of the equities.

The judgment must, therefore, be reversed and judgment directed in favor of plaintiffs for $200 and interest, with costs in this court and the court below, with leave to appeal to the Appellate Division.

WEEKS, J., concurs.

MULLAN, J. (concurring). The defendant makers, on or about August 24, 1917, made their check for

$200, dated September 3, 1917, and delivered it to the payees as security for the acceptance by the makers of goods to be delivered to them by the payees on September first. The payees on August thirty-first indorsed and transferred the check to plaintiffs, who had no knowledge of the nature of the transaction between the makers and the payees. On September first, the payees having refused to deliver the goods, the makers stopped payment of the check. The plaintiffs deposited the check on September first, and payment was refused upon its presentation to the drawee bank on September fourth — September third being a holiday. The decision of the trial court in favor of the defendant makers cannot be sustained if plaintiffs were holders in due course of a negotiable instrument. The trial justice evidently concluded that the instrument was non-negotiable at the time of its transfer to plaintiffs, and that, therefore, they, as mere assignees, took subject to all equities in favor of the makers.

Prior to the enactment of the Negotiable Instruments Law, the cases, in which was involved the post-dating of checks, though few in number, held unequivocally that one who takes, prior to the day of its date, a post-dated check, is not by the mere fact of the post-dating put upon such inquiry as to charge him with constructive notice of existing equities. *Mayer* v. *Mode,* 14 Hun, 155; *Frazier* v. *Trow's P. & B. Co.,* 24 id. 281; *Jacks* v. *Darrin,* 3 E. D. Smith, 557. There are numerous cases, such as *Brewster* v. *McCardel,* 8 Wend. 478; *Mitchell* v. *Culver,* 7 Cow. 336; *Pasmore* v. *North,* 13 East, 517, and others frequently relied upon to sustain the negotiability of post-dated checks prior to their date, but improperly so as they were cases of post-dated promissory notes, and it is obvious that the post-dating of such an instrument could have no possible effect upon its negotiability. But has not

16

a change been wrought in the law as to the negotiability of post-dated checks prior to their date, by the adoption of the statute? The act, designed and purporting to cover the entire subject of negotiable instruments, includes the following provisions:

" § 20. * * * An instrument to be negotiable *must conform* to the following requirements: * * *

" 3. Must be payable on demand, or at a fixed or determinable future time;

" § 26. * * * An instrument is payable on demand: 1. Where it is expressed to be payable on demand, or at sight, or on presentation; or 2. In which no time for payment is expressed."

" § 23. * * * An instrument is payable at a determinable future time, within the meaning of this chapter, which is expressed to be payable; 1. At a fixed period after date or sight; or 2. On or before a fixed or determinable future time specified therein; or 3. On or at a fixed period after the occurrence of a specified event, which is certain to happen, though the time of happening be uncertain.".

Under these provisions I do not see how the instrument in question can be said to have been, on August 31, 1917, the date of its transfer to plaintiff, a negotiable instrument. It is quite clearly not payable on demand within the definition of section 26, or at a fixed or determinable time within the definition of section 23. Under section 20, to be negotiable it *must* conform to one of those requirements as to time of payment; and confirmation is afforded by the definitions of specific kinds of negotiable paper as set forth in the Negotiable Instruments Law. This instrument clearly is not a promissory note; it must, therefore, be either a check or a bill of exchange, which instruments are defined in the act as follows:

" § 210. * * * A bill of exchange is an uncon-

Misc.]    Appellate Term, First Department, April, 1918.

ditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer.''

" § 321. * * * A check is a bill of exchange drawn on a bank payable on demand.''

The instrument here dealt with meets neither of these definitions in respect of time of payment. On August thirty-first, it was certainly not a check, as it was not payable on demand. Neither was it in form a bill of exchange payable on demand. Nor, I think, can it be regarded as a bill of exchange payable at a fixed future date, that is, the day of its date, as such a construction would make the instrument overdue the day after that day, thus discharging prior indorsers from the claims of a holder who took the paper on the day of its date and presented it for payment on the day following, although the holder may have taken the paper for what it purported to be, a check at that time regular on its face. Can it be said that this paper was, as to holders taking prior to its date, a bill of exchange payable on the day of its date, and, as to holders taking on and after the day of its date, an ordinary check payable on demand upon presentation within a reasonable time? I assume that it was not contemplated to create such an anomaly, with all the doubts and difficulties it would be so obviously calculated to produce, and yet in no other way that I can see would it be possible to impart to a post-dated instrument otherwise resembling a check, the character of negotiability prior to its date. I think that the correct construction of such a paper under the statute is that it is non-negotiable, and therefore subject to all equities, until the day of its date, when, in the hands of subsequent holders in due course,

it is a check; but in what seems to be the only case in point decided in this state since the passage of the act, which happens to have been in this court, it was held that section 31 of the act has the effect of imparting negotiability to a post-dated check prior to its date. *Albert* v. *Hoffman,* 64 Misc. Rep. 87; followed in *Triphonoff* v. *Sweeney,* 65 Oreg. 299.   That section provides that " the instrument is not invalid for the reason only that it is ante-dated or post-dated, provided this is not done for an illegal or fraudulent purpose.   The person to whom an instrument so dated is delivered acquires the title thereto as of the date of delivery."   " Instrument," as defined in section 2 of the act, " means negotiable instrument," and even without that definition it appears to us to be plain that " validity " and " negotiability " were not intended to be synonymous.   This construction of section 31 does not rob it of vitality or usefulness.   This very instrument, for example, from the day of its date, and thereafter for a reasonable time, was a good check: it was not " invalidated " by the fact that the date had been written in ten days earlier; and, furthermore, section 31 has its distinct purpose in that it prevents the raising of any question as to the negotiability of instruments that are made negotiable by the statute, such as ante-dated checks, and ante-dated and post-dated promissory notes and bills of exchange.

Nor can it, in my view, be urged that the provision of section 7 of the act, that " in any case not provided for in this chapter the rules of the law merchant shall govern," has any applicability to the situation here. Assuming that under the common law of this state at the time of the enactment of the Negotiable Instruments Law, the instrument in question was negotiable from the moment it was drawn, I think that section 7 cannot be given the effect of continuing as negotiable

such instruments as are not designated as negotiable instruments in the act; but that it was intended merely to apply to the negotiable instruments named in the act such rules as existed prior to the act which are not covered by and are not inconsistent with the provisions of the act. If it can be said that in construing the statute the presumption cannot lightly be indulged in that it was intended to curtail the negotiability of an instrument long and apparently quite generally held to be negotiable, the answer must be that if a *casus omissus* be met with in a statute the courts are without power to supply the deficiency by judicial construction. Whether it was intended to change the law, or whether the omission was due to inadvertence, we are without knowledge, but I reach the conclusion that, for whatever reason, a post-dated check is not, prior to its date, a negotiable instrument under the statute. The decision of this court in *Albert v. Hoffman, supra,* requires us, however, to reverse the judgment in defendant's favor, but, because of the doubt as to the correctness of the holding there, we give leave to the respondent to appeal to the Appellate Division.

The payees were also joined as defendants, but defaulted. The judgment, although there were four defendants, two being the makers, and two the payees, is in favor of " the defendant." As the makers alone defended, and as they were doing business under a trade name, it is quite probable that the trial justice in rendering judgment lost sight of the fact that there were two makers and that the payees had been served; at any rate, the judgment is treated by all parties to this appeal as being against both Vaccaros, and the plaintiffs' notice of appeal brings up for review only such part of the judgment as is in favor of the Vaccaros, they apparently not troubling to appeal from

so much of the judgment as was in favor of the payees, Fine. I accordingly treat the appeal as relating solely to the judgment in favor of the defendant makers.

Judgment reversed, with costs, with leave to appeal to the Appellate Division.