JOHN DOUSMANIS, Respondent, *v.* THE COLONIAL BANK, Appellant.

Supreme Court, Appellate Term, First Department, June 27, 1929.

*Epstein & Brothers* [*Milton N. Mound* of counsel], for the appellant.

*Stone & Perlman* [*Louis Stone* of counsel], for the respondent.

BIJUR, J. From the argument I drew the inference that opposing counsel were not interested in questions of practice which might arise on the appeal from plaintiff's motion and defendant's cross-motion, but desired a decision addressed to the law of the case.

In my opinion defendant was not a holder in due course if for no other reason than that the drawee can probably never be so regarded. (Brannan Neg. Inst. Law [1926 ed.], 618, and cases cited.) (See, also, 42 Harv. Law Rev. 412 [Jan. 1929] and notes; Woodward Quasi-Contracts, § 80.)

On the other hand, for the reasons given by me in *K. & K. Silk Trimming Co.* v. *Garfield Nat. Bank* (127 Misc. 27, 31), I believe that the defendant was subrogated to the rights of the payee of the check against plaintiff and that its counterclaim may be sustained on that theory. Since, however, it appears to be conceded that the consideration for the check failed prior to its due date the counterclaim is without value.

For these reasons I think that the judgment and orders should be affirmed.

FRANKENTHALER, J. I concur in the result on the authority of *American Defense Society* v. *Sherman Nat. Bank* (225 N. Y. 506).

PETERS, J. (dissenting). The complaint alleges that plaintiff was a depositor in the defendant bank; that on August 31, 1928, there remained on deposit an undrawn balance of fifty dollars; that on September 1, 1928, plaintiff demanded payment but defendant refused; that on or about July 25, 1928, plaintiff made, executed and delivered his check drawn upon defendant, payable to the New York Carbonate Company in the sum of fifty dollars, which check plaintiff dated September 1, 1928; that on or about August 2, 1928, defendant negligently paid this check; that payment by defendant of the check to the designated payee was without authority or consent of the plaintiff and was a negligent and unauthorized act and breach of an agreement on the part of defendant made with plaintiff that it would not pay any checks except on or after the dates designated thereon; that after August second and on or about August thirtieth, the plaintiff requested defendant to refuse to pay the check and defendant did agree to refuse payment thereof in the event that the same should be presented for payment; that thereafter defendant notified plaintiff that the check had been paid on August second and that defendant was, therefore, unable to refuse payment thereof in accordance with the instructions of the plaintiff and in accordance with its agreement with the plaintiff. Judgment is demanded for fifty dollars.

The 1st paragraph of the answer admits all the allegations of

plaintiff's complaint and consents to the entry of judgment subject to defendant's setoff and counterclaim. The counterclaim sets up the making of the check, the delivery of the same, the indorsement in blank by the payee and by the Public National Bank and Trust Company of New York; that thereafter and before September first, for value received, said check, so indorsed, was duly delivered to defendant herein who is now the owner and holder thereof; that said check was duly presented to plaintiff herein for payment at the time and place designated therein but payment thereof was and still is refused. Defendant demands judgment for fifty dollars.

It is argued by the respondent that the defendant having committed an act of negligence and having breached its agreement not to pay checks except on or after the date of them, cannot constitute itself by such negligence and breach a holder in due course of the check which it had negligently paid. I cannot agree with this proposition. On August second defendant paid this check with *its own money* over the counter and it is immaterial whether the bank discounted the check or paid for it in full. The negligent act chargeable to the defendant is that on that day and before the check became due it debited plaintiff's account with the amount of the check. (*Godin* v. *Bank of the Commonwealth*, 13 N. Y. Super. Ct. 76.) This negligence it admits in its answer and consents that judgment be entered in favor of plaintiff subject to its counterclaim. Although plaintiff stopped payment of the check before its due date nevertheless the defendant remained the holder for value of the same without notice of any defense between the original parties. Under the authority of *Albert* v. *Hoffman* (64 Misc. 87) the defendant herein was a holder for value and was not put upon inquiry merely because of the negotiation of the check prior to the day of its date. In *Kuflik* v. *Vaccaro* (103 Misc. 239) this court held that a post-dated check was a negotiable instrument. Even if the check were not negotiable the result in this case would be the same because the defendant moved on the pleadings and in neither pleading is there any statement of fact showing any defense to the check or the contract whereby it was issued and delivered. The mere fact that plaintiff ordered the defendant to stop payment of the check after defendant had become the holder for·value of the same is not a defense to the cause of action set up in defendant's counterclaim based upon the ownership and non-payment of the check.

Plaintiff was entitled to judgment for the sum of fifty dollars, subject, however, to defendant's counterclaim for fifty dollars. The orders and judgment should be reversed and judgment directed in favor of defendant.

Judgment and orders affirmed, with ten dollars costs, with leave to appellant to appeal to the Appellate Division.