JOHN MARRA, Plaintiff, *v.* KENNETH S. WARREN et al., Defendants.

Municipal Court of the City of Syracuse, November 26, 1947.

*Joseph E. Rizzo* for plaintiff.

*Nathan Miller* for Kenneth S. Warren, defendant.

SKERRITT, J. This is a motion by the plaintiff, under rule 113 of the Rules of Civil Practice, for summary judgment against both defendants. The motion is based on the verified complaint, the verified answer of defendant Warren, the affidavit of plaintiff's attorney, and the answering affidavit of said defendant Warren. Defendant Fortino filed no answer or affidavit, and did not appear.

The purpose of this rule 113, which permits a plaintiff under certain circumstances to obtain summary judgment on a contract claim, is to avoid delay in the enforcement of such claim where the defense, apparently good in form, is without merit. The object of this motion is to obtain judgment forthwith, where no triable issue is raised.

The question to be decided, therefore, is whether any triable issue has been raised. (3 Carmody on New York Pleading and Practice [2d ed.], § 1072, p. 2358; 3 Wait on New York Practice [4th ed.], p. 620.) To avert summary judgment the defendant must show, by affidavit or other proof, that he has a bona fide and substantial defense. He cannot rely on mere denials, either general or specific. (3 Carmody on New York Pleading and Practice [2d ed.], § 1078, p. 2369; 3 Wait on New York Practice [4th ed.], p. 618.)

In the instant case it appears from the pleadings and affidavits above mentioned that the following facts are undisputed: On July 21, 1947, defendant Warren drew a check for $325 on The Merchants National Bank & Trust Company of Syracuse, postdated July 26, 1947, payable to the order of defendant Fortino, and delivered it to said payee for value on the said 21st day of July. On July 23rd Fortino indorsed the check in blank and delivered it to the plaintiff for value, who presented it on July 28th at said bank, where payment was refused. Two days later, on July 30th, while plaintiff still had possession of the check, Warren gave a new check to Fortino for the same amount, drawn on another bank where Warren had sufficient funds, and asked Fortino to return the old check. Fortino said he had forgotten to bring it with him, but would send it to

Warren the next day. This he failed to do, since it was held by the plaintiff, who knew nothing about the new transaction.

The plaintiff now moves for summary judgment against both defendants in this action on the original check. And defendant Warren opposes the motion by mere allegations in his above mentioned answer and affidavit, without evidentiary facts, that plaintiff obtained the postdated check by fraud; that plaintiff is not a holder in due course; and that the check has been paid. Since no evidentiary facts are set forth, these allegations must be disregarded.

The plaintiff is, therefore, in the position of a holder for value, in good faith, and without notice of any prior equity between Warren and Fortino. Under such circumstances Warren acted at his own risk when he gave the new check to Fortino without getting back the old one. (Negotiable Instruments Law, §§ 31, 134; *Albert* v. *Hoffman,* 64 Misc. 87; *Kuflik* v. *Vaccaro,* 103 Misc. 239.)

In *Albert* v. *Hoffman* (*supra*) the court held that an indorsee of a postdated check is not put upon inquiry merely because the check is postdated. In the *Kuflik* case (*supra*) it was held that the plaintiff may be a holder in due course of a postdated check transferred by the payee before maturity in violation of his agreement with the drawer. (See, also, 21 A. L. R. 229–237.)

Plaintiff's motion for summary judgment is granted against both defendants in the amount of $325, with interest from July 26, 1947, and $5 costs.